IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

JACK ABBOTT GREBE, JR. §
VS. § CIVIL ACTION NO. 1:09cv436
FRANCISCO J. QUINTANA, ET AL §

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Jack Abbott Grebe, Jr., an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Francisco J. Quintana, Gerardo Maldonado, Jr. and Harrell Watts. Defendant Quintana was formerly the warden of the Federal Correctional Complex-Low, at Beaumont, Texas. Defendant Maldonado is the regional director of the BOP's South Central Region. Defendant Watts is the National Inmate Appeals Administrator for the BOP. Pending before the court is a motion to dismiss filed by the defendants. The defendants seek dismissal because, *inter alia*, plaintiff has failed to state a claim upon which relief may be granted.

<u>Factual Allegations</u>

Plaintiff alleges that on October 29, 2006, he experienced a sudden loss of vision in his right eye and was transferred to the hospital in Galveston, Texas. Medical staff at the hospital determined plaintiff had a detached retina. Surgery was performed on November 1, and a gas bubble was inserted in the eye. He was

monitored and received additional treatment at the hospital for several more days.

On November 7, plaintiff was discharged and taken back to his prison unit in Beaumont. He was told he would soon be brought back to the hospital for further examination of his eye and possibly more surgery.

Plaintiff states he was not taken back to the hospital. On November 27, he filed a grievance complaining about the delay. On August 30, 2007, after not receiving a response to his initial grievance he submitted another copy. Additional copies were submitted on September 11 and September 22. On September 25, 2007, plaintiff received a response stating he was scheduled to return to the hospital within the next 6 months. On October 4, plaintiff appealed the response to his grievance.

On October 21, 2007, defendant Quintana filed a response to plaintiff's appeal stating: "Since you were aware of this appointment, it was scheduled for November 29, 2006." Plaintiff states this response was false because he had not been aware of the appointment date. Defendant Maldonado denied a subsequent appeal by agreeing with defendant Quintana's response. Defendant Watts denied plaintiff's final appeal. Plaintiff states defendant Watts stated the chronology of events, but did not address the issues presented by plaintiff.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual

allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555.

## Analysis

*Deliberate Indifference to Serious Medical Needs*

In *Bivens*, *supra*, the Supreme Court determined that a victim who has suffered a constitutional violation by a federal actor may recover damages in federal court. *Bivens*, 403 U.S. at 395-97. A *Bivens* action is analogous to an action brought under 42 U.S.C. § 1983. The only difference is that Section 1983 applies to constitutional violations by state, rather than federal, officials. *Abate v. Southern Pac. Transp. Co.*, 993 F.3d 107, 110 n.14 (5th Cir. 1993). Thus, the analysis of plaintiff's claims is the same regardless of whether they arise under Section 1983 or *Bivens*. *See Evans v. Ball*, 168 F.3d 856, 862-63 (5th Cir. 1999).

To establish a violation of the Eighth Amendment to the Constitution based on the denial of medical care, a prisoner must allege a defendant was deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A defendant is liable under the Eighth Amendment for deliberate indifference to prison health conditions only if he knows an inmate faces a substantial risk of serious harm and

disregards the risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Reeves v. Collins* 27 F.3d 174, 176 (5th Cir. 1994) (applying the *Farmer* standard in a case involving medical care). In *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), the United States Court of Appeals for the Fifth Circuit described the deliberate indifference standard as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." And, the "failure to alleviate a significant risk that [the official] should have perceived but did not" is insufficient to show deliberate indifference.

(prior citations omitted).

Negligence is not a sufficient basis for a civil rights action based upon medical care. Moreover, a delay in receiving treatment only constitutes a constitutional violation if there is deliberate indifference which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993); *Citrano v. Allen Correctional Center*, 891 F. Supp. 312, 321-22 (W.D. La. 1995).

The basis of plaintiff's claim against defendant Quintana is the response this defendant provided to plaintiff's grievance.

4

Defendant Quintana's response state as follows:

> This is in response to your Request for Administrative Remedy received October 9, 2007, in which you state you did not receive follow-up care after eye surgery was recommended by the surgeon. You claim your vision was damaged and staff are guilty of deliberate indifference. You are requesting monetary compensation for the alleged damage to your vision and punitive damages.
>
> The University of Texas Medical Branch (UTMB) provides medical care at FCC Beaumont under a managed health care contract. A review of your complaint was conducted in conjunction with UTMB staff. On November 7, 2006, a one week follow-up appointment was recommended. Since you were aware of your appointment, it was scheduled for November 29, 2006. On November 27, 2006, you were treated and evaluated by the staff optometrist. On November 29, 2006, you were transported to Hospital Galveston (HG) for the follow-up evaluation with the eye specialist. The specialist made recommendations for medications and another follow-up appointment in HG with the eye clinic. Documentation in your medical record shows consistent and continued care during multiple visits as recommended by staff physicians, optometrist and the eye specialist.
>
> You are currently scheduled for another follow-up appointment with the HG eye clinic. If you have any additional concerns about your eyes, you will have an opportunity to discuss your concerns with the specialist. The Medical Director has assured me you are receiving timely and appropriate medical care from UTMB providers. There is no indication of deliberate indifference.
>
> Your requested monetary compensation for alleged vision damage and punitive damages is not justified. Your visual exam completed on July 30, 2007, documents your corrected vision to be 20/20 in both eyes. Should you experience any changes in your condition, you may return to medical during sick call for further evaluation.

The allegations set forth in plaintiff's complaint fail to state a claim upon which relief may be granted because they are insufficient to establish the defendants acted with deliberate difference. In response to plaintiff's grievance, his records were reviewed and it was determined both that plaintiff had received

5

treatment and that his eyesight was 20/20. Plaintiff has not disputed this. Even if it were assumed that the records reviewed were not complete or accurate, the actions taken by defendant Quintana in response to plaintiff's grievance did not demonstrate a disregard for plaintiff's situation, but were, instead, reasonable attempts to abate the risk to which plaintiff was exposed. Further, plaintiff has failed to state how any delay he may have experienced in receiving treatment caused his eyesight to become worse. As plaintiff's allegations are insufficient to establish deliberate indifference, his medical care claim fails to state a claim upon which relief may be granted.

*Failure to Respond Properly to Grievances*

Plaintiff is also alleging the defendants violated his right to due process of law by failing to properly investigate and respond to the grievances he filed. However, the failure to properly investigate a grievance does not give rise to a constitutional claim. *See Dehghani v. Vogelgesang*, 226 Fed. Appx. 404, 406 (5th Cir. 2007); *Charles v. Nance*, 186 Fed. Appx. 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, 2006 WL 3375256 (S.D. Miss. Nov. 21, 2006). Nor does a prison inmate have a constitutionally protected liberty interest in having a grievance resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, 2007 WL 2873042 (E.D. Tex. Sept. 28, 2007). As a result, plaintiff's due process claim fails to state a claim upon which relief may be granted.

6

ORDER

For the reasons set forth above, the defendants' motion to dismiss is **GRANTED**. A final judgment shall be entered dismissing this lawsuit.

**SIGNED** this the **14** day of **February, 2011.**

_____
Thad Heartfield
United States District Judge